IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2025

**DAVID FLETCHER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Bedford County**
No. 18404     Forest A. Durard, Jr., Judge
———————————————————

**No. M2024-00501-CCA-R3-PC**
———————————————————

David Fletcher, Petitioner, was convicted of aggravated burglary, first degree murder, and felony murder for his role in a gang-related shooting. He was sentenced to life plus ten years. His convictions were affirmed on direct appeal. *State v. Fletcher*, No M2018-01293-CCA-R3-CD, 2020 WL 995795, at *26 (Tenn. Crim. App. Mar. 2, 2020), *no perm. app. filed*. Petitioner filed an untimely pro se petition for post-conviction relief. The post-conviction court dismissed the petition as untimely. On appeal, Petitioner complains that the post-conviction court erred in dismissing the petition as untimely and that the post-conviction court erred in denying Petitioner a continuance. After a review, we affirm the dismissal of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JEFFREY USMAN, Sp. J., joined.

Taylor Payne, Murfreesboro, Tennessee, for the appellant, David Fletcher.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Robert J. Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted in July of 2016 by a Bedford County grand jury with one count of aggravated burglary, one count of first degree murder, and one count of felony

murder.  After a jury trial, Petitioner was convicted of all three counts.  He was sentenced to life plus ten years.  The convictions were affirmed by this Court on appeal.  *Fletcher*, 2020 WL 995795, at *26.

Petitioner filed a pro se petition for post-conviction relief on March 9, 2021.  In the original pro se form petition, Petitioner checked the box to indicate ineffective assistance of counsel, newly discovered evidence, illegal evidence, and "other grounds" as the basis for relief.  The petition was executed and signed by Petitioner on January 5, 2021.  Nothing on the form petition indicates when it was given to prison mail authorities.  The petition was eventually filed with the Bedford County clerk's office on March 9, 2021, six days beyond the statutory one-year statute of limitations.

On March 15, 2021, the post-conviction court filed an order mandating Petitioner to "state a factual basis for each ground alleged" in the petition and fill in the "blanks" on the form within fifteen days of the order.  Retained counsel filed a notice of appearance on March 18, 2021.  On March 26, 2021, retained counsel requested additional time to file an amended petition.  On April 19, 2021, the post-conviction court gave retained counsel until June 21, 2021 to file any amendments.  Retained counsel filed a second request for additional time to amend the petition on June 15, 2021.  The post-conviction court entered an amended scheduling order on June 21, 2021, giving retained counsel until July 19 to file amendments to the petition for post-conviction relief.  On July 16, retained counsel again sought additional time to amend the post-conviction petition based on his busy schedule and a pending federal matter with the potential to "derail" the proceedings.  The post-conviction court granted retained counsel additional time, extending the deadline to file an amended petition to August 23, 2021.  When the August date arrived, retained counsel filed an amended petition for relief and a motion to withdraw.  In the amended petition, retained counsel stated that Petitioner had been "notified" of retained counsel's intent to withdraw and he was "not in a position to submit any additional issues related to the post-conviction petition" due to his "contractual obligations" that he was "aware of the [post-conviction] court's position regarding the original filing," that Petitioner "objects to the outright dismissal of the [p]etition" and that Petitioner would like "alternate counsel" to review the original filing.  The State asked for dismissal of the petition, arguing that "none of the statements in the pleading allege grounds for which post-conviction relief could be granted," that the grounds raised in the pro se petition and amended petition "have been previously determined an/or waived" and that Petitioner "failed to plead with specificity any grounds for relief."

The post-conviction court ordered retained counsel to appear to explain why he failed to file a "proper amended post-conviction petition and to explain his motion to withdraw."  The post-conviction court ultimately denied the motion to withdraw despite retained counsel's complaint that he "had not been fully paid."  On September 20, 2021,

- 2 -

the post-conviction court gave retained counsel yet more time to file an amended petition, extending the deadline to October 8. On the deadline, an amended petition for post-conviction relief was filed.

In the amended petition, Petitioner claimed he received ineffective assistance of counsel at trial because trial counsel failed to file a motion to suppress the search warrant for Defendant's phone, failed to object to the State's untimely notice of intent to seek enhanced punishment, failed to object to an untimely Rule 609 notice, failed to object to cross-examination of Petitioner regarding prior criminal acts, failed to require the trial court to rule on admissibility of Petitioner's prior bad acts, failed to appeal the admissibility of Petitioner's prior bad acts, failed to object pursuant to 404(b), and elicited testimony from a witness that allowed the State to bring in evidence Defendant threatened to kill the witness.

The matter was continued several times. On June 20, 2022, the post-conviction court entered an order dismissing the post-conviction "without prejudice" because Petitioner was "in federal custody and the [post-conviction] court [was] unable to determine when Petitioner may be released."

In July of 2023, Petitioner filed an affidavit of indigency. New post-conviction counsel was appointed. The post-conviction court determined the petition stated a colorable claim for relief and gave post-conviction counsel until September 18, 2023 to file an amended petition. The post-conviction court then filed an order scheduling a "tolling hearing" to determine if the petition for post-conviction relief should be dismissed. Subsequently, the post-conviction court extended the time to file any amendments to the petition to November 13, 2023.

On November 17, 2023, appointed counsel filed a "post-conviction petition amendment" alleging that his prior petition was dismissed without prejudice "without his knowledge." Petitioner argued that prior counsel "unilaterally" waived his right to post-conviction relief. Petitioner also argued that trial counsel was ineffective for failing to challenge the search warrant, failing to seek a private investigator, opening the door to testimony about threats made by Petitioner, failing to challenge the search of the phone, failing to call a witness, and failing to exhaust peremptory challenges.

The post-conviction court held a hearing on January 11, 2024, nearly three years after the original pro se petition was filed. The post-conviction court recapped the lengthy procedural history, noting that the court considered the petition "reactivated for purposes of having his post-conviction heard."

At the beginning of the hearing, appointed counsel expressed concern due to a "breakdown" in attorney/client communication between himself and Petitioner. Appointed counsel asked for a continuance and indicated that Petitioner did not want to go forward with the hearing on the petition. Appointed counsel stated that Petitioner wanted the post-conviction court "disqualified on the grounds of bias" and Petitioner also wanted an investigator. Appointed counsel acknowledged that neither request would be granted. Appointed counsel also informed the post-conviction court that Petitioner was "adamant" that he did not wish to go forward. Petitioner interjected that appointed counsel was "not going to speak on [his] behalf" and those were "grounds [appointed counsel was] alleging, not grounds [he was] alleging." The post-conviction court denied the motion for continuance.

Petitioner testified that there were additional issues not raised in the petition or amended petition, including an issue about a witness who allegedly recanted his testimony after trial. Petitioner insisted that retained counsel had affidavits from the witness and that Petitioner told appointed counsel but he "refused to put it on the record." Petitioner claimed he had "no earthly idea" that his petition had been dismissed while in federal custody. He stated that he "repeatedly" tried to contact retained counsel when he was returned to state custody. Petitioner testified that his fiancée received a text from retained counsel telling her that he was "no longer [Petitioner's] attorney, [and his] post-conviction was dismissed." Petitioner complained that retained counsel "never consulted" him before filing the amended petition. Petitioner testified that he told appointed counsel he did not want him to be his attorney and asked him to file a motion to remove himself from the case. Petitioner agreed that he filed a federal lawsuit against the post-conviction judge about the search warrant. The post-conviction court stated that he was "never served" with a federal lawsuit and had "no idea" there was one filed.

With regard to the search warrant, Petitioner complained that trial counsel failed to file a motion to suppress at trial. Petitioner complained about dates on the search warrant and argued that it was invalid because it was filed in Bedford County but taken to Coffee County for execution.

Additionally, he complained that trial counsel did not obtain a private investigator. Petitioner acknowledged that the funding would be denied for purposes of appeal because his case was not a capital case but insisted that retained counsel should have asked for one.

Petitioner complained that trial counsel opened the door at trial to testimony about threats made by Petitioner and failed to call witnesses. Petitioner also complained that venue was not changed for the trial and that trial counsel did not exercise all of his peremptory challenges. Petitioner insisted there were a "lot of issues" he wanted to bring up that were not in the petition. Specifically, Petitioner wanted "witnesses to be

subpoenaed." Petitioner also wanted appointed post-conviction counsel to be relieved. Petitioner wanted to look at trial transcripts and wanted counsel to bring in multiple witnesses who he alleged had recanted and as to whom he alleged the State had used "perjured testimony."

On cross-examination, Petitioner admitted that he did not give his pro se petition to prison authorities. He claimed that he was not aware that he could get the petition notarized and give it to prison authorities for mailing, instead testifying that he had to "get the forms and fill the forms out yourself" and "put it in the mailbox." Petitioner testified he "filed it with the Court of Criminal Appeals" when he "put it in the box" and that the petition was "returned" to him by the post office as "[a]ddress unavailable." Petitioner testified there was a "yellow sticker" on his brown envelope but that he did not have those documents with him. Petitioner did not offer any proof save his own testimony to support his claims. Petitioner also testified he sent his fiancée to the district attorney's office and clerk's office on March 9, 2021, to personally file the petition. Petitioner was on the phone with his fiancée when she tried to file the petition at the district attorney's office. Petitioner claimed the district attorney would not accept the petition and the clerk's sent her away and would not let her file anything. Petitioner admitted that he was transferred to federal prison in late 2021 and returned to state custody on February 8, 2023.

Petitioner complained that trial counsel did not properly use preemptory challenges. Specifically, Petitioner testified that there was at least one person on the jury with pretrial information about the case and/or personal relationships with the victim or the victim's relatives.

Petitioner testified that he filed a federal lawsuit from jail but the case was ultimately dismissed. However, Petitioner testified that he had no idea that his petition for post-conviction relief was dismissed.

Trial counsel testified that at the time of the hearing he was a professor of criminal justice at Middle Tennessee State University. Trial counsel was licensed to practice law in 2005 and was appointed to represent Petitioner starting in general sessions court. Trial counsel recalled that a co-defendant was tried prior to Petitioner and trial counsel sat through that trial. Trial counsel felt this gave him good insight as to the State's case and helped him prepare for Petitioner's trial. Trial counsel listened to Petitioner's concerns during jury selection and recalled making a request for a change of venue prior to trial. He testified he "struck" every potential juror that Petitioner wanted to strike. Trial counsel could not recall if he raised the venue issue in the motion for new trial but testified that when he raised objections, he "generally" raised those issues in a motion for new trial to preserve the issue on appeal. Trial counsel did not recall discussing an investigator with Petitioner and testified that he did not know "what an investigator would have done." Trial

- 5 -

counsel did not recall Petitioner providing the name of a potential alibi witness. Trial counsel recalled that the trial court instructed the jury on accomplice testimony after two codefendants and several other witnesses testified at trial. Trial counsel testified that there were "no issues" with the search warrant that merited a challenge to the search warrant.

Trial counsel recalled discussing a witness, Alan Carney, with Petitioner prior to trial but did not think the witness's testimony would be beneficial. They discussed the witness after trial, but the witness was represented by an attorney at the time. Trial counsel could not recall anything that Petitioner asked him to do that he did not do during his representation of Petitioner. Trial counsel did not recall any conversations with Petitioner about hiring an investigator.

Trial counsel acknowledged that information about an alibi witness would have been beneficial at trial but testified that Petitioner did not provide him with an alibi witness. Trial counsel also recalled that Petitioner's girlfriend gave a statement prior to trial in which she refused to provide an alibi for Petitioner but that she tried to change her testimony at trial.

Trial counsel agreed that if he were aware there were witnesses who committed perjury at trial it would have been advantageous to Petitioner's case. Trial counsel testified that many of the defendants who testified at trial had given prior statements that conflicted with their trial testimony but he did not "know what more [he] could have done" other than "cross examine [those witnesses] effectively to allow the jury to find their testimony to be not credible." Trial counsel acknowledged that even if he had statements from witnesses admitting to perjury, it would still be the jury's place to determine credibility of the witnesses.

Petitioner testified in rebuttal that he "did not know the hearing was happening" and that it was "highly prejudicial." He complained that "[n]othing" he asked to be done was done.

At the conclusion of the hearing, the post-conviction court noted that the record was voluminous and took the matter under advisement. The post-conviction court entered an order recounting the history of the case. The post-conviction court called Petitioner "largely uncooperative" and "disruptive" during the hearing. The post-conviction court ultimately determined that the petition for post-conviction relief was untimely and that none of the exceptions in Tennessee Code Annotated section 40-30-102(b) operated to toll the statute of limitations. The post-conviction court found that the mailbox rule did not apply in Petitioner's case because he "did not avail himself to the use of the prison mailing system." *See* Tenn. R. Crim. P. 49(d). The post-conviction court found that the running of the statute of limitations began on the issuance of the appellate opinion, here March 2,

2020, that he should have filed the petition by March 2, 2021, and that the petition was not filed until March 9, 2021. As a result, the post-conviction court determined that the petition was time-barred and dismissed the petition as untimely. Petitioner appealed.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred by dismissing the petition "on [s]tatute of [l]imitations grounds" and that the post-conviction court erred in denying Petitioner a continuance, prejudicing his case. Specifically, Petitioner argues that he "was diligently pursuing his rights by filing his [petition] by mail and only filing it late via private individual due to the mailed [p]etition returning to him due to address change." The State, on the other hand, argues that Petitioner was not entitled to due process tolling and there was "no indication that an extraordinary circumstance impeded his filing the petition."

The statute of limitations related to the filing of post-conviction petitions is set forth in Tennessee Code Annotated section 40-30-102(a). That section provides:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id.*

Here, this Court issued its opinion in Petitioner's case on March 2, 2020. Petitioner did not seek permission to appeal to the supreme court. Thus, the statute of limitations commenced the following day, on March 3, 2020, and Petitioner had one year from that date to file a petition for post-conviction relief. T.C.A. § 40-30-102(a). The petition was not filed until March 9, 2021. Petitioner's petition was untimely by six days.

An untimely post-conviction petition divests the post-conviction court of subject matter jurisdiction and is subject to summary dismissal. *See* T.C.A. §§ 40-30-102(b); -106(b). There are exceptions to the statute of limitations for petitions for post-conviction relief set forth in statute. *See, e.g.*, T.C.A. § 40-30-102(b). Petitioner does not allege that any of these exceptions apply in his case, arguing instead that theories of due process tolling and other due process considerations apply to his attempt to toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court set forth a two-prong test for determining whether tolling of the statute of limitations is warranted:

> A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing.

*Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (stating that the *Holland* test adopted in *Whitehead* applies to all claims of due process tolling).

The Tennessee Supreme Court has identified three circumstances in which due process requires tolling of the statute of limitations: (1) claims arising after the statute of limitations has expired; (2) claims based on mental incompetence that prevented the petitioner from complying with the statute of limitations; and (3) claims based on attorney misconduct. *Whitehead*, 402 S.W.3d at 623-24. So, to succeed, a petitioner must provide sufficient facts that prove one of these limited circumstances affected the filing of his or her post-conviction petition. *Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1-2 (Tenn. Crim. App. June 9, 2011), *perm. app. denied* (Tenn. Oct. 18, 2011). To comply with due process, post-conviction petitioners must be afforded an opportunity to seek post-conviction relief "at a meaningful time and in a meaningful manner." *Buford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Id.* "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Id.* at 621 (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)). Despite reviewing the post-conviction court's decision de novo, we are bound by the post-conviction court's factual findings unless the evidence preponderates to the contrary. *Id.*

Petitioner does not allege that any of the statutory tolling exceptions apply to save his petition from being untimely. Instead, he claims that he tried to utilize the prison mail system and was forced to rely on his girlfriend to go in person to file the petition because the original petition was returned undeliverable. The post-conviction court found Petitioner did not pursue his rights diligently. Specifically, the post-conviction court found

Petitioner's claims that he used the prison mailing system "suspect" because the petition did not bear a date indicating when it was delivered to the prison mailing authorities. Petitioner testified at the hearing that he moved prisons several times, including being in federal custody. However, he admitted that he was able to communicate with others and filed at least one federal lawsuit while incarcerated. The record does not preponderate against the finding of the post-conviction court that the petition was untimely. Petitioner is not entitled to relief.

Moreover, we decline to determine that the post-conviction court abused its discretion by refusing to grant a continuance in a case that went on for several years where Petitioner merely argued that he was not prepared to go forward with the hearing. *State v. Willis*, 496 S.W.3d 653, 744 (Tenn. 2016) (noting standard of review on decision to grant continuance is abuse of discretion). Petitioner made no attempt to establish prejudice as a result of the denial of a continuance. He did not establish the burden of demonstrating harm resulted from the denial of the continuance. *State v. Vaughn*, 279 S.W.3d 584, 598 (Tenn. Crim. App. 2008). Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 9 -